UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN LIVINGSTON,

    Petitioner,

v.                                          Case No. 8:05-cv-00234-EAK-TGW

JAMES R. MCDONOUGH,

    Respondent.
_____/

## ORDER

This cause is before the court upon Petitioner Glenn Livingston's ("Livingston") motion for rehearing, (Dkt. 24), which was received by the Court on February 26, 2007. By order entered on January 26, 2007, this Court denied Livingston's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred. (Dkt. 20). In the instant motion, Livingston contends that the Court erred in calculating the timeliness of his § 2254 petition and that under the principle of equitable tolling, his petition should be accepted as timely.

Livingston erroneously asserts that the 90 day period for filing a writ of certiorari in the United States Supreme Court runs from the date of the issuance of the state district court of appeal's mandate on the denial of a motion for rehearing. He contends that, had the Court calculated the timeliness of his § 2254 petition using the date the mandate was issued instead of the date the motion for rehearing was denied, the petition would be timely. As stated in this Court's order denying Livingston's § 2254 petition, the applicable Supreme Court Rule 13.3 clearly states that the time to file a petition for writ of certiorari runs from

the date of the denial of rehearing.[1] Livingston's claim that Rule 13.3 is inapplicable in his case is mistaken and his motion for reconsideration on this basis has no merit.

Livingston also claims that equitable tolling should now be applied in his case because a State created impediment exists that prevented him from filing a timely § 2254 petition. Specifically, he claims that had the state district court of appeal issued its mandate within 15 days after rendition of the order denying his motion for rehearing of the denial of his direct appeal instead of 62 days after rendition, he could have correctly calculated the limitation period for filing a timely § 2254 petition. Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002; *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). As discussed *supra*, the appropriate calculation of the period for filing a petition for writ of certiorari and thus the appropriate date for purposes of determining the timeliness of the § 2254 petition runs from the date of the denial of rehearing. Thus, the date of the mandate on that denial is of no consequence. Livingston's allegations fail to meet the standard necessary to justify equitable tolling of the one year limitation period prescribed by 28 U.S.C. § 2244(d). His motion for reconsideration on this basis likewise has no merit.

Accordingly, the Court orders:

That Livingston's motion for rehearing (Dkt. 24) is DENIED.

---

[1] "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, ... the time to file the petition for a writ of certiorari for all parties ... runs from the date of the denial of rehearing." Sup. Ct. R. 13.3. Livingston's motion for rehearing on direct appeal was denied on October 8, 2002. (Dkt. 16, Ex. 8).

2

#8:05-cv-00234-EAK-TGW

ORDERED at Tampa, Florida, on _MARCH 2ND_, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of record
Glenn Livingston