UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN LIVINGSTON,

    Petitioner,

v.                                     Case No. 8:05-cv-00234-EAK-TGW

JAMES R. MCDONOUGH,

    Respondent.
_____/

## ORDER

This cause is before the Court upon Petitioner Glenn Livingston's ("Livingston") motion of intent of pleading filed for rehearing, (Dkt. 27), which was received by the Court on March 6, 2007. By order entered on March 2, 2007 (Dkt. 26), this Court denied Livingston's motion for rehearing of the denial of his § 2254 petition for writ of habeas corpus in which he contended that the Court erred in calculating the timeliness of his petition and that the principle of equitable tolling should have been applied so as to render his petition timely filed.

    In the instant motion, Livingston asserts the following argument:

Petitioner filed the motion for rehearing and as the body of the motion presents, the petitioner's intent of the court holding rehearing is to reconsider the matter encompassed in the ruling itself and to alter or amend its judgment by rescinding the judgment and proceed to give substantive consideration to the merits raise [sic] in the 2254 petition.

Herewith petitioner gives notice of his intent in filing the rehearing motion and the court shall take notice of such in its ruling upon the filed motion.

    In the order denying Livingston's motion for rehearing, the Court considered his

arguments on the timeliness of the petition and the application of equitable tolling principles to this case. The instant motion is an attempt to have the Court reconsider its order denying the motion for rehearing. It appears from this motion and the underlying motion for rehearing that Livingston seeks to have the Court address the merits of the claims presented in his § 2254 petition. As the Court has plainly stated both in the order denying the § 2254 petition (Dkt. 20) and in the order denying the motion for rehearing (Dkt. 26), Livingston's petition was untimely pursuant to the provisions of 28 U.S.C. § 2244(d) and he is not entitled to the application of equitable tolling principles. Livingston has not presented any basis for the Court to disregard the procedural bar to the consideration of the merits of his claims. Absent such a showing, the Court would be remiss in discussing the merits of the claims. *See Lamar v. Soloman*, 2006 WL 3507951 at *5 (M.D. Fla., Dec. 5, 2006).

Accordingly, the Court orders:

That Livingston's motion of intent of pleading filed for rehearing (Dkt. 27) is DENIED.

ORDERED at Tampa, Florida, on _MARCH 8th_, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of record
Glenn Livingston

2